IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IRON WORKERS' MID-AMERICA            )
PENSION PLAN, *et al.*,              )
                                     )
            Plaintiffs,              )      CIVIL ACTION
                                     )
    vs.                              )      NO. 18 C 7610
                                     )
FENCE CONNECTION, INC.,              )      JUDGE ANDREA R. WOOD
an Illinois corporation,             )
                                     )
            Defendant.               )

**PLAINTIFFS' MOTION TO REOPEN CASE FOR
THE LIMITED PURPOSE OF ENFORCING THE
TERMS OF A SETTLEMENT AGREEMENT
AND ENTERING JUDGMENT AGAINST DEFENDANT**

NOW COME Plaintiffs, IRON WORKERS' MID-AMERICA PENSION PLAN, *et al.*, by

their attorneys, and move the Court for the entry of an order reopening this action for the limited

purpose of enforcing the terms of a Settlement Agreement entered into between the parties on

November 21, 2022.  In support of the Motion, Plaintiffs state as follows:

1.      This action was originally brought by the Plaintiffs, the Trustees of the jointly-

administered, labor-management employee benefit plans known as the Iron Workers' Mid-

America Pension Plan and Iron Workers' Mid-America Supplemental Monthly Annuity (SMA)

Fund, alleging, *inter alia*, that Defendant breached its obligations under the terms of the collective

bargaining agreement entered into with the International Association of Bridge, Structural,

Ornamental and Reinforcing Iron Workers, which incorporates the wage and fringe benefit

contribution obligations in various Iron Worker Local Union geographic jurisdictions, including Locals 63 and 112, and the Agreements and Declarations of Trust under which the Plaintiff Funds are maintained. Specifically, Plaintiffs allege that Defendant failed to remit payment of contributions for work performed on its behalf by beneficiaries of the Plaintiff Funds. The Complaint was brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145.

2. On November 21, 2022, a Settlement Agreement incorporating the terms for settlement agreed to by the parties was executed (a copy of the Settlement Agreement is attached as Exhibit 1).

3. On January 31, 2023, this Court entered the parties' agreed order of dismissal, through which the Court retained jurisdiction to enforce the settlement agreement through June 30, 2024 (a copy of the Court's Notification of Docket Entry and Agreed Order of Dismissal are attached as Exhibit 2).

4. On July 15, 2024, this Court granted the Plaintiffs' unopposed motion to extend the time to move to reopen this case to and including July 31, 2024 (a copy of the Court's Notification of Docket Entry is attached as Exhibit 3).

5. As recited in the Settlement Agreement, Plaintiffs' claimed contributions due of $66,279.60, liquidated damages of $42,799.07, auditing costs of $2,198.38, and court costs and attorneys' fees of $17,740.00, for a total of $129,017.05.

6. The Funds agreed to waive any amounts claimed due from the Defendant above $80,000.00, contingent on the Defendant's full compliance with the Settlement Agreement, specifically including its payment of $80,000.00, in eighteen (18) installments, with interest at a

rate of 8.25% per year, with the first installment due on January 1, 2023, and subsequent installments due the first day of the 17 months thereafter.

7.      In the event the Funds did not timely receive the payments required by the Settlement Agreement, the Defendant would be in breach of the Settlement Agreement. In the event of a breach, any amounts remaining due under the Settlement Agreement, including amounts claimed due above $80,000.00 that would have been waived, and additional accrued interest (at 8.25%), plus any additional costs and attorneys' fees incurred by the Funds after October 31, 2022, to collect these amounts or enforce the Settlement Agreement, became immediately due and owing, and the Funds became entitled to enforce the Settlement Agreement by filing a motion with the Court to enter judgment, with the only defense the Defendant can raise being the defense of payment.

8.      On or about May 9, 2024, Defendant made the 17th installment due on May 1, 2024, but underpaid the installment payment of $4,750.00 by $215.30.

9.      Defendant has not submitted what was to have been its 18th (final) installment payment of $4,565.88 due pursuant to the terms of the Settlement Agreement on June 1, 2024, and is therefore in breach of the Settlement Agreement.  On June 10, 2024, Plaintiffs' counsel sent a 14-day cure notice to Defendant's counsel requesting the status of the final installment payment. To date, despite giving Defendant an extension of time to do so, neither the $215.30 shortage nor the final installment payment has not been received.

10.     In light of Defendant's breach, it owes $4,781.18, for the balance due on the $80,000.00, plus the $49,017.05 that would have been waived, additional accrued interest on the balance due of $53,771.05 from June 1, 2024 to August 1, 2024 in the amount of $1,116.67.

3

11.     Pursuant to the Settlement Agreement, the Funds are further entitled to recover their court costs and reasonable attorneys' fees incurred since November 1, 2022 in the amount of $3,413.25 (Ex. 4, Affidavit of Catherine M. Chapman).

12.     For all the reasons stated, the Plaintiffs hereby move the Court for the entry of an Order reopening this action for the limited purpose of enforcing the terms of the Settlement Agreement and entering judgment against the Defendant.

Specifically, Plaintiffs request:

A.     That judgment be entered in favor of Plaintiffs and against Defendant to include the amount of $54,887.72, being the total amount remaining due pursuant to the Settlement Agreement.

B.     That judgment be entered in favor of Plaintiffs and against Defendant to include an additional $3,413.25 in attorneys' fees incurred by the Plaintiffs since November 1, 2022 and including the preparation and presentment of their Motion to Reopen.

C.     That Plaintiffs have such further relief as may be deemed just and equitable by the Court.

/s/  Patrick N. Ryan

Patrick N. Ryan
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 W. Adams Street, Suite 1825
Chicago, IL   60606-5250
Telephone:  (312) 216-2573
E-Mail: pryan@baumsigman.com

4

## CERTIFICATE OF SERVICE

   The undersigned, an attorney of record, hereby certifies that on or before the hour of <u>4:00 p.m.</u>, this <u>31st</u> day of <u>July 2024</u>, he caused to be electronically filed, Plaintiffs' Motion to Reopen Case to Enforce the Terms of the Settlement Agreement and Enter Judgment Against Defendant, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Gregg M. Rzepczynski & Associate, Ltd.
175 W. Jackson Boulevard, Suite 240
Chicago, IL 60604
attygmr@gmail.com

Michael J. Greco
Attorney at Law
175 W. Jackson Boulevard, Suite 240
Chicago, IL 60604
michaelgreco18@yahoo.com

/s/ Patrick N. Ryan

Patrick N. Ryan
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 W. Adams Street, Suite 1825
Chicago, IL 60606-5250
Telephone: (312) 216-2573
Facsimile: (312) 236-0241
E-Mail: pryan@baumsigman.com

I:\MIDJ\Fence Connection\#28297\motion to reopen to enforce settlement agr 7-31-24.pnr.df.docx

5
